IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ERVIN M. LOPEZ, #269240, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.:3:06-2512-PMD-JRM |
| ) | |
| ) | |
| S.C.D.C. (South Carolina Department of ) | |
| Corrections); Warden WILLIE EAGLETON;) | **ORDER** |
| Deputy Warden FNU CHAVIS; Deputy ) | |
| Warden FNU McFADDEN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon the recommendation of United States Magistrate Judge Joseph R. McCrorey that Defendants' Motion to Dismiss be denied. However, the Magistrate Judge recommended that this action be dismissed *sua sponte* for Plaintiff's failure to state any physical injury from the alleged living conditions he described. The record contains the report and recommendation of the Magistrate Judge (the "R&R"), which was made in accordance with 28 U.S.C. §636(b)(1)(B). Plaintiff has filed a timely objection to the R&R.

## I. BACKGROUND

Plaintiff Ervin M. Lopez ("Plaintiff" or "Lopez"), as a *pro se* litigant, brought this action on September 11, 2006 for punitive damages and injunctive relief pursuant to 42 U.S.C. §1983. He filed the action against the South Carolina Department of Corrections ("SCDC"), Warden Willie Eagleton, Deputy Warden FNU Chavis, and Deputy Warden FNU McFadden. Plaintiff alleges that he was subjected to cruel and unusual punishment after being placed in a holding cell as the result of a physical altercation with another inmate. (Compl. at 3.) Plaintiff further

1

alleges that the holding cell in which he was held for seven days only had a wooden bench; he claims that there was no running water or toilet in this cell. (Compl. at 3.)

On November 6, 2006, Defendants filed a Motion to Dismiss the action. As Plaintiff is proceeding *pro se*, he was advised on November 7, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that if he failed to respond to Defendants' Motion to Dismiss, a dismissal of his complaint could result. Thus, Plaintiff filed a response on November 29, 2006. Defendants contend that their motion should be granted because Plaintiff's cause of action is barred by the applicable statute of limitations.

## II.  STANDARD OF REVIEW

### A.     Magistrate Judge's R&R

The Magistrate Judge only makes a recommendation to the Court. This recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. §636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. 28 U.S.C. §636(b)(1). Additionally, the court may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. §636(b)(1). After reviewing the entire record, the R&R, and Plaintiff's objection, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Additionally, although Plaintiff asserts in his objections that dismissal is premature without affording him the opportunity to amend his complaint to allege injury, the court agrees with the Magistrate Judge's

2

recommendation that the action be dismissed *sua sponte* for Plaintiff's failure to state any physical injury from the alleged living conditions he described. The court therefore adopts the R&R and fully incorporates it into this Order.

### B. Motion to Dismiss

Generally, a motion to dismiss for failure to state a claim should not be granted unless it appears "clear" that the plaintiff is not entitled to relief "under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While considering a motion to dismiss, the court should accept as true "all well-pleaded allegations;" consequently, the court should look at the complaint "in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, *pro se* litigants' complaints are not held to the same stringent pleading requirements that are required of attorneys, so the complaints of such litigants must be read more liberally "however inartfully pleaded." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Therefore, if it appears to the court that a plaintiff has not stated a claim for which he would be entitled relief, the defendant in the case is granted his motion to dismiss. Fed. R. Civ. P. 12(b)(6).

## III. DISCUSSION

### A. Statute of Limitations

The Magistrate Judge recommended that Defendants' Motion to Dismiss be denied since in the light most favorable to Plaintiff, for purposes of the motion to dismiss, Plaintiff filed this action in a timely manner. (R&R at 3.) The Magistrate Judge considered Plaintiff to have met the statute of limitations, even though the original incident began on December 4, 2002 and

Plaintiff filed the instant action on September 11, 2006. Traditionally in claims brought under §1983, the state law for the statute of limitations applies. *See Owens v. Okure*, 488 U.S. 235 (1989). In South Carolina, the statute of limitations is generally three years for claims arising after April 5, 1988. S.C. CODE §15-3-530. However, for purposes of the Motion to Dismiss, the Magistrate Judge found the statute of limitations tolled while Plaintiff exhausted his administrative remedies.

Plaintiff contended that since the grievance system is a three-step process, the final judgment in his case did not occur until February 3, 2006 when an order granting summary judgment for Defendants was issued. (Pl.'s Mem. in Opp'n at 1.) The Fourth Circuit has not addressed the issue of whether the statute of limitations for a §1983 action should be equitably tolled while a prisoner is exhausting the administrative exhaustion process. However, the "uniform holdings of the circuits that have considered the question" have expressed that the "mandatory exhaustion process" typically tolls the statute of limitations. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (citing *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 1999)). Plaintiff appears to assert a number of dates on which he exhausted his administrative remedies, and Plaintiff filed this action within three years of the earliest of those dates. (R&R at 3.) Since neither party has objected to this recommendation, the court need not perform a *de novo* review of this recommendation; instead, the court need only review the recommendations for plain error. *See Thomas v. Arn*, 474 U.S. 140 (1985). Finding no plain error, the court agrees with the Magistrate Judge's recommendation.

### B.     No Physical Injury

Plaintiff objects to the Magistrate Judge's recommendation that this action be dismissed *sua sponte* for Plaintiff's failure to claim any physical injury from his alleged living conditions of the holding cell in which he was kept for seven days. (Objections at 1). Plaintiff contends that the recommendation to dismiss is "pre-mature if the plaintiff is not afforded an opportunity to [a]mend his complaint, prior to review by the court." (Objections at 1.) Additionally, Plaintiff requests discovery since he feels that he is unable to make a showing of proof of injury unless he has "full discovery." (Objections at 1).

In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a prisoner must show both "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (citations omitted). Therefore, since there exists no "static 'test'" by which courts can determine objectively whether prison living conditions violate the Eighth Amendment, courts must determine the meaning based on "'the evolving standards of decency that mark the progress of a maturing society.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). In addition, the plaintiff must show that the officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The standard created by this subjective component is a "very high standard–a showing of mere negligence will not meet it." *See Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Without allegations of "serious or significant physical or emotional injury" that resulted from the conditions upon which he is basing his challenge, the claim will not withstand dismissal. *See Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993); *accord Odom v. S.C.*

5

*Dep't of Corr.*, 349 F.3d 765,770 (4th Cir. 2003); *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003); *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).  "[A] showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis" which has been used to avoid "an application of the subjective view of the judges deciding the question."  *Shakka*, 71 F.3d at 166 (citing *Strickler*, 989 F.2d at 1379-80).

The Magistrate Judge properly determined Plaintiff has not alleged an Eighth Amendment violation because Plaintiff has failed to allege a significant physical or emotional injury resulting from Defendants' actions.  Instead of a claim of injury, Plaintiff describes only that the cell was not equipped for the housing of an inmate in that it was without a toilet, sink, bed, mattress, soap, toothbrush, or hot and cold running water.  (Compl. at 3.)  He also claims that he was forced to urinate and defecate on the floor, on Styrofoam serving trays, or in cups.  (Compl. at 3.)  Lastly, he claims that he was not permitted to shower for the duration of his time in the holding cell.  (Compl. at 3.)  He has not, however, alleged in his Complaint or Objections that he has suffered any physical or emotional injury as a result of these conditions; his Complaint should thus be dismissed.  *See* 42 U.S.C. § 1997e(e); *see also Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631-32 (5th Cir. 2003) (affirming the district court's grant of summary judgment on the claims of unconstitutional conditions of confinement when the plaintiffs' only physical injury was nausea; the court found that § 1997e(e) requires more than a de minimis physical injury to support the recovery of mental and emotional damages); *Blaine v. Fox*, No. 8:07-807-RBH, 2007 WL 1423750 (D.S.C. May 10, 2007).  Although Plaintiff is proceeding *pro se*, Plaintiff failed to assert significant physical or emotional injury, and as a result, the court must dismiss his Complaint.

6

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Defendants' Motion to dismiss be denied.  It is further **ORDERED** that this matter is **DISMISSED** *sua sponte*.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**July 6, 2007**